529 P.2d 1343 (1974)
F. POSS FARMS, INCORPORATED, a Colorado corporation, Plaintiff-Appellee,
v.
Edna E. MILLER, Executrix of the Estate of V. A. Miller, Deceased, and Edna E. Miller, Defendants-Appellants.
No. 74-137.
Colorado Court of Appeals, Div. I.
December 24, 1974.
*1344 Robert J. Safranek, Limon, for plaintiff-appellee.
Henry, Cockrell, Quinn & Creighton, Thomas E. Creighton, Denver, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
This is an appeal from a judgment entered against defendants (buyers) for damages for breach of a real estate purchase contract. We reverse.
The parties entered into a contract whereby buyers agreed to purchase a farm belonging to seller on which there was a planted wheat crop. The contract provided for a purchase price of $273,000; $15,000 to be paid on the signing of the agreement; $15,000 on July 1, 1971; $10,000 on December 10, 1971; and a like sum on each succeeding December 10th until the total was paid in full, together with interest at the rate of 5¾% on $243,000, or the unpaid balance. It provided for buyers to take possession of the property on January 1, 1971, and, as to the wheat crop, the contract provided that "second parties (buyers) specifically covenant and agree to apply any income received and derived from the 1971 wheat crop, but not exceeding $10,000 to the December, 1971 principal payment."
Buyers took possession of the property under the contract and paid the $15,000 down payment, but, on July 1, 1971, they did not make the payment due at that time and made no further payments. They did harvest the wheat crop but applied the proceeds to other debts. Shortly thereafter, seller filed a suit to foreclose buyers' interest in the contract and had a receiver appointed. Buyers vacated the premises and surrendered possession to sellers on August 24, 1971. After commencement of the trial, by agreement of the parties, buyers relinquished any interest that they had in the property including their right of redemption, and the action was converted into one for damages for breach of contract.
At the conclusion of the trial, the trial court found that the default of buyers in failing to make payments as required by the agreement was the sole cause of the damages sustained by the seller. It then entered judgment in favor of seller against buyers in the amount of $39,365.46 which consisted solely of delinquent principal and interest payments. Buyers contend that the court could not determine the amount of damages without knowing the value of the property at the time of the breach and that the court improperly computed damages. We agree.
When buyers took possession of the property, they were entitled to possession of the entire farm including the growing crop and when the crop matured they were entitled to harvest the same. The fact that they defaulted in making principal payments due under the terms of the contract would be immaterial in determining the damages suffered by sellers because of the breach of contract by purchasers.
The proper rule of damages is set forth in 5 A. Corbin, Contracts § 1098, as follows:
"In case of breach by the purchaser, the vendor's damages are the full contract price minus the market value of the land at date of breach and also minus any payment received."
Also, see Bunnell v. Bills, 13 Utah 2d 83, 368 P.2d 597; C. McCormick, Damages § 186.
Under the terms of the contract, buyers had possession of the property from January 1, 1971, to August 24, 1971, at which time they surrendered to sellers and a receiver was appointed. During buyers' *1345 occupancy of the premises they harvested the crop which sellers had planted in 1970. Because of this growing crop, the large unpaid balance of the purchase price, and the short period of buyers' occupancy, sellers should receive interest on the unpaid balance of the contract during period of time buyers were in possession of the property as reasonable rental. Additionally, plaintiff should receive as damages, the full contract price of the property less the down payment, and less the value of the property on date of breach.
There was testimony that the wheat crop was partially harvested on July 1, 1971, and that negotiations were being carried on for a modification of the contract on that date. Defendants received the entire wheat crop. Therefore, upon remand, in order to simplify the determination of damages, the court should use the date of July 1, 1971, as the date of breach, but consider the wheat crop as totally harvested by that date.
Accordingly, judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
RULAND and STERNBERG, JJ., concur.